Argued and submitted July 17, affirmed December 2, 1992

## Dennis KASNICK,
### *Appellant,*

*v.*

## Kevin J. COOKE,
### *Respondent.*

## (9009-05912; CA A71359)

842 P2d 440

Ronald C. Hoover, Portland, argued the cause and filed the briefs for appellant.

G. Marts Acker, Portland, argued the cause for respondent. With him on the brief were William D. Okrent and Acker • Okrent, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action to recover for injuries that allegedly resulted from defendant's negligence in striking plaintiff in the eye with his hand while the two were playing on opposing sides in a soccer game. The trial court granted defendant's motion for summary judgment on the theory that liability could only be predicated on intentional or reckless conduct under the circumstances. Plaintiff was given 20 days to replead. He declined to do so, judgment was entered, and he appeals. We affirm.

We quote the relevant facts as they are stated in plaintiff's opening brief:[1]

"The incident giving rise to this lawsuit occurred during an indoor soccer game. Both plaintiff and defendant were participating in the game, but on opposing teams. Both men were experienced soccer players. * * *

"At the time of the incident, plaintiff's team was behind and he was playing goalie. A ball was kicked toward the goal area and both plaintiff and defendant went for it. A collision occurred between the two men. The ball rebounded or was kicked toward the other end of the field. It is plaintiff's testimony that after the collision, defendant stepped toward him. Defendant was looking angry and aggressive. After the collision, neither plaintiff nor defendant played the ball or engaged in any activity in furtherance of the game. They were pre-occupied with each other. Defendant aggressively and angrily confronting plaintiff, and plaintiff observing defendant and passively defending himself by placing his right hand under defendant's chest to hold defendant back. Defendant struck out his arm and swung his arm, striking plaintiff in the eye. Plaintiff does not know exactly what part of defendant's hand struck his eye, but it had to be his hand because it was the only thing close. After plaintiff was hit in the eye, he was first stunned, and then he started to swing wildly, hitting defendant several times. Other participants and the referee came over to stop the fight.

"Soccer is a non-contact sport."

---

[1] Our use of plaintiff's statement of the facts does not signify agreement or disagreement with all of the particulars in it. Rather, we assume that he has stated the facts as favorably to himself as possible.

We add that plaintiff's action is not based on the collision between the parties, but alleges the events in the ensuing confrontation as the tortious conduct.

■■ The parties ask us to decide this case by fashioning a rule that applies generally to tort actions that arise out of or in the midst of sporting events. We find it unnecessary to do that. Plaintiff's theory for recovery is negligence, and he declined the trial court's not very veiled invitation to replead and pursue a different theory. However, the conduct that he alleges and describes cannot result in liability if only negligence is established. As a matter of law and fact, there is no such thing as a negligent fist fight.

It would be of no benefit to plaintiff if, as he argues, proof of negligence were enough to establish liability for *some* injuries inflicted in the course of sporting events. What plaintiff describes is a deliberate, combative and reciprocal confrontation between himself and defendant. Under the allegations, he is not entitled to recover for what can only be intentional misconduct by pleading and proving only negligence. Stated differently, plaintiff may not allege facts that necessarily would constitute an intentional tort but then assert that he can prevail by proving only negligence. He has no negligence claim, as a matter of law, and he has elected not to plead any other claim. Whatever the law may be when a negligently caused sports related injury is alleged, the propositions on which we base our decision are as applicable to a confrontation that occurs on the playing field as they would be if the fight had taken place in a tavern after the game.

Affirmed.